1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | JULIE L. GARLAND
Senior Assistant Attorney General
4 | JENNIFER A. NEILL
Supervising Deputy Attorney General
5 | KIM AARONS, State Bar No. 213480
Deputy Attorney General
6 |  110 West A Street, Suite 1100
San Diego, CA 92101
7 | P.O. Box 85266
San Diego, CA 92186-5266
8 | Telephone: (619) 525-4398
Fax: (619) 645-2581
9 | Email: Kim.Aarons@doj.ca.gov

10 | Attorneys for Respondent

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13 |

14 | **JOSEPH CLARK,**                                    08 CV 0399 H (PCL)

15 |                                    Petitioner,      **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS;**

16 |             v.                                      **MEMORANDUM OF POINTS AND AUTHORITIES**

17 | **ROBERT HERNANDEZ, WARDEN,**

18 |                                    Respondent.      Judge:       Hon. Peter C. Lewis

19 |     As an Answer to the Petition for Writ of Habeas Corpus filed by inmate Joseph Clark,

20 | Respondent, admits, alleges, and denies as follows:

21 |     1.    Clark is in the lawful custody of the California Department of Corrections and

22 | Rehabilitation following his December 23, 1985 conviction of second-degree murder with a deadly

23 | weapon enhancement. (Pet. at Ex. A.) Clark is serving a sentence of sixteen years to life in prison.

24 | (*Id.*)

25 |     2.    On January 4, 2006, Clark filed a petition for writ of habeas corpus in Los Angeles County

26 | Superior Court alleging that: (1) the California Board of Parole Hearings' 2005 decision finding him

27 | unsuitable for release on parole violated due process, (2) the decision impermissibly amended his

28 | term to life without parole, and (3) the Board arbitrarily deferred Clark's subsequent parole

consideration hearing for a three-year period. (Lodg. 1, Super. Ct. Pet.;[1] Lodg. 2, Super. Ct. Return.) The superior court denied the petition, finding that the Board's decision was supported by sufficient evidence, noting that the Board based its decision on several factors, including the commitment offense, Petitioner's failure to sufficiently participate in beneficial self-help programs, and Petitioner's psychological evaluation, which was not supportive of release. (Lodg. 3, Super. Ct. Order at 1.) The superior court rejected, however, the Board's finding that Petitioner had an unstable social history, and a prior criminal record, concluding that there was insufficient evidence in the record to support such a finding. (*Id.*) The superior court nevertheless concluded that the other factors cited by the Board were sufficient to support the Board's decision. (*Id.*)

3.    Clark then raised the same claims in petitions to the California Court of Appeal and the California Supreme Court. (Lodg. 4, Ct. App. Pet.; Lodg. 5, Ct. App. Order; Lodg. 6, Sup. Ct. Pet.; Lodg. 7, Sup. Ct. Order.)  Both petitions were summarily denied. (Lodgs. 5, 7.)

4.    Respondent admits that Clark exhausted his state court remedies regarding his claim that the Board's 2005 decision violated his due process rights, and that the Board's decision to defer Clark's subsequent parole hearing for a three-year period was arbitrary.  Respondent denies that Clark has exhausted his claims to the extent they are interpreted more broadly to encompass any systematic issues beyond these claims.

5.    Respondent admits that the Petition is timely under 28 U.S.C. § 2244(d)(1).

6.    Respondent submits that Clark has failed to allege a cognizable federal question in his claim that the Board arbitrarily deferred his subsequent parole hearing for a three-year period.

7.    Respondent denies that Clark is entitled to federal habeas relief under 28 U.S.C. § 2254 because the state court decisions were not contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or based on an unreasonable determination of the facts.

8.    Respondent denies that Clark has a federally protected liberty interest in parole and, therefore, alleges that he has not a stated a federal question invoking this court's jurisdiction.  The

---

1. Respondent's Notice of Lodging is being filed concurrently herewith.

1  Supreme Court has not clarified the methodology for determining whether a state has created a

2  federally protected liberty interest in parole.  *See Greenholtz v. Inmates of Neb. Penal and*

3  *Correctional Complex*, 442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979) (liberty interest in

4  conditional parole release date created by unique structure and language of state parole statute);

5  *Sandin v. Connor*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (federal liberty

6  interest in correctional setting created only when issue creates an "atypical or significant hardship"

7  compared with ordinary prison life); *Wilkinson v. Austin*, 545 U.S. 209, 229, 125 S. Ct. 2384, 162

8  L. Ed. 2d 174 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty

9  interest).  California's parole statute does not contain mandatory language giving rise to a protected

10  liberty interest in parole under the mandatory-language approach announced in *Greenholtz*.  *In re*

11  *Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's parole scheme is a two-step process that

12  does not impose a mandatory duty to grant life inmates parole before a suitability finding).  And

13  continued confinement under an indeterminate life sentence does not impose an "atypical or

14  significant hardship" under *Sandin* since a parole denial does not alter an inmate's sentence, impose

15  a new condition of confinement, or otherwise restrict his liberty while he serves his sentence.  Thus,

16  Respondent asserts that Clark does not have a federal liberty interest in parole under either

17  *Greenholtz* or *Sandin*.  Respondent acknowledges that in *Sass v. California Board of Prison Terms*,

18  461 F.3d 1123, 1128 (9th Cir. 2006) the Ninth Circuit held that California's parole statute creates

19  a federal liberty interest in parole under the mandatory-language analysis of *Greenholtz*, but

20  preserves the argument, which is pending en banc review in *Hayward v. Marshall*, 527 F.3d 797 (9th

21  Cir. 2008).

22      9.    Even if Clark has a federal liberty interest in parole, he received all due process to which

23  he is entitled under clearly established federal law because he was provided with an opportunity to

24  be heard and a statement of reasons for the Board's decision.  *Greenholtz*, 442 U.S. at 16.

25      10.    Respondent denies that the some-evidence test is clearly established federal law in the

26  parole context, or that there is any clearly established federal law requiring evidence of an

27  unreasonable risk of danger to society or public safety.

28  ///

1      11.    Respondent denies that the Board's 2005 decision violated Clark's federal due process

2  rights.

3      12.    Respondent denies that the Board's 2005 decision impermissibly amended Clark's prison

4  term to life without the possibility of parole.

5      13.    Respondent denies that Clark's constitutional rights were violated by the Board's decision

6  to defer his subsequent parole consideration hearing for three years.

7      14.    Respondent submits that an evidentiary hearing is not necessary because the claims can

8  be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir.

9  1999).

10      15.    Respondent denies that Clark is entitled to a new hearing for the sole purpose of

11  determining Clark's base term and mandating a parole date. The remedy is limited to the process

12  that is due, which is a new review by the Board comporting with due process. *See Benny v. U.S.*

13  *Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (a liberty interest in parole is limited by the

14  Board's exercise of discretion, and a due process error does not entitle an inmate to a favorable

15  parole decision).

16      16.    Clark fails to state or establish any grounds for habeas corpus relief.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1     17.   Except as expressly admitted in this Answer, Respondent denies the allegations of the

2   Petition.

3          Dated:  August 4, 2008

4                                          Respectfully submitted,

5                                          EDMUND G. BROWN JR.
                                           Attorney General of the State of California
6
                                           DANE R. GILLETTE
7                                          Chief Assistant Attorney General

8                                          JULIE L. GARLAND
                                           Senior Assistant Attorney General
9
                                           JENNIFER A. NEILL
                                           Supervising Deputy Attorney General
10

11                                         /S/ Kim Aarons

12                                         KIM AARONS
                                           Deputy Attorney General
13                                         Attorneys for Respondent

14
     70131278.wpd
15   SD200870023

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF SERVICE BY U.S. MAIL

2  Case Name:        **Clark v. Hernandez**

3  Case No.:        **08 CV 0399 H (PCL)**

4  I declare:

5  I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older
6  and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal
7  Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that
8  same day in the ordinary course of business.

9  On <u>August 6, 2008</u>, I served the attached **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully
10  prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

11

12

13  Linda Buchalter, Esq.
    Law Office of Linda Buchalter
14  1011 5th Street, Suite 6
    Santa Monica, CA 90403
15  Attorney for Petitioner Joseph Clark

16

17

18  I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 6, 2008, at San Diego, California.
19

20            J. Yost

21  _____            _____
              Declarant                              Signature
22  70132650.wpd

23

24

25

26

27

28