EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
HEATHER BUSHMAN
Supervising Deputy Attorney General
KIM AARONS, State Bar No. 213480
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 525-4398
 Fax: (619) 645-2581
 Email: Kim.Aarons@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CLARK,<br><br>                              Petitioner,<br><br>    v.<br><br>ROBERT HERNANDEZ, WARDEN,<br><br>                              Respondent. | 08 CV 0399 H (PCL)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS<br><br>Judge:    Hon. Peter C. Lewis |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Clark claims that: (1) the California Board of Parole Hearings' 2005 decision finding him unsuitable for release on parole violated due process, (2) the decision impermissibly amended his term to life without parole, and (3) the Board arbitrarily deferred his subsequent parole consideration hearing for a three-year period. But Clark merely alleges a disagreement with the Board's decision, and fails to establish that the state court decisions denying his due process claims were contrary to, or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or were based on an unreasonable determination of the facts. Moreover, Clark has

failed to allege a federal question in his claim regarding the Board's decision to defer his subsequent parole hearing for three years. Thus, there are no grounds for federal habeas corpus relief.

## ARGUMENT

## I.

**CLARK HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER AEDPA.**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a federal court may not grant a writ of habeas corpus unless the state court's adjudication was either: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2) (2000). Clark has not demonstrated that he is entitled to relief under this standard.

### A.   Clark Has Not Shown that the State Court Decisions Were Contrary to Clearly Established Federal Law.

As a threshold matter, the Court must decide what, if any, "clearly established Federal law" applies. *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). In making this determination, the Court may look only to the holdings of the United States Supreme Court governing at the time of the state court's adjudication. *Carey v. Musladin*, ___ U.S. ___, 127 S. Ct. 649, 653, 166 L. Ed. 2d 482 (2006) (*quoting Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)). The only case in which the Supreme Court has addressed the process due in state parole proceedings is *Greenholtz*. *Greenholtz*, 442 U.S. 1. The Supreme Court there held that due process is satisfied when the state provides an inmate an opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16. "The Constitution does not require more." *Id.*[1] No other Supreme Court holdings require more at a parole hearing.

---

[1] The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level of process due for inmates being considered for release on parole includes an opportunity to be heard and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its] discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

Clark does not contest that he received the *Greenholtz* protections. (*See generally* Pet.) Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority regarding an inmate's due process rights during parole proceedings, the state court decision upholding the Board's decision was not contrary to clearly established federal law. Thus, the Petition should be denied.

Although Clark alleges that the Board's decision must be supported by some evidence, there is no clearly established federal law applying this standard to parole decisions. The Supreme Court has held that, under AEDPA, a test announced in one context is not clearly established federal law when applied to another context. *Wright v. Van Patten*, ___U.S.___ 128 S. Ct. 743, 746-47, 169 L. Ed. 2d 583 (2008); *Schriro v. Landrigan*, ___U.S.___, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007); *Musladin*, 127 S. Ct. at 652-54; *see also*, *Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007); *Nguyen v. Garcia*, 477 F.3d 716, 718, 727 (9th Cir. 2007); *Crater v. Galaza*, 491 F.3d 1119, 1122 (9th Cir. 2007). The Supreme Court developed the some-evidence standard in the context of a prison disciplinary hearing, *Superintendent v. Hill*, 472 U.S. 445, 457, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985), which is a fundamentally different context than a parole proceeding. Because the tests and standards developed by the Supreme Court in one context cannot be transferred to distinguishable factual circumstances for AEDPA purposes, it is not appropriate to apply the some-evidence standard of judicial review to parole decisions.

While the Ninth Circuit has applied the some-evidence standard to parole decisions, this is improper under AEDPA, and the issue is currently pending before an en banc panel of the Ninth Circuit. *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008). AEDPA does not permit relief based on circuit case law in any event. *Crater*, 491 F.3d at 1123, 1126 (§ 2254(d)(1) renders decisions by lower courts non-dispositive for habeas appeals); *Earp v. Ornoski*, 431 F.3d 1158, 1182 (9th Cir. 2005) ("Circuit court precedent is relevant only to the extent it clarifies what constitutes clearly established law." . . ."Circuit precedent derived from an extension of a Supreme Court decision is not clearly established federal law as determined by the Supreme Court."); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000). Therefore, the Ninth Circuit's use of the some-evidence standard is not clearly established federal law and is not binding on this Court. *See, e.g., Biggs v.*

///

1 | *Terhune*, 334 F.3d 910 (9th Cir. 2003); *Sass*, 461 F.3d at 1128; *Irons v. Carey*, 505 F.3d 846, 851
2 | (9th Cir. 2007).

3 | In addition, Clark's claim that due process was violated by the Board's reliance on the
4 | immutable factor of his commitment offense finds no support in Supreme Court precedent.
5 | Although the Ninth Circuit has suggested that this might amount to an additional due process claim,
6 | *Biggs*, 334 F.3d at 917, federal habeas relief is not available because there is no clearly established
7 | federal law precluding reliance on unchanging factors. 28 U.S.C. § 2254(d). Similarly, there is no
8 | clearly established federal law requiring courts to ascertain whether there is evidence that an inmate
9 | poses an unreasonable risk to public safety in parole matters.

10 | In sum, the only clearly established federal law setting forth the process due in the parole
11 | context is *Greenholtz*. Clark does not allege that he failed to receive these protections. Therefore,
12 | Clark has not shown that the state court decisions denying habeas relief were contrary to clearly
13 | established federal law.

**B.   Clark Has Not Shown that the State Courts Unreasonably Applied Clearly Established Federal Law.**

16 | Habeas relief may only be granted based on AEDPA's unreasonable-application clause where
17 | the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably
18 | applies it to the facts of the particular state case. *Williams*, 529 U.S. at 406. The petitioner must do
19 | more than merely establish that the state court was wrong or erroneous. *Id.* at 410; *Andrade*, 538
20 | U.S. at 75. Respondent recognizes that the Ninth Circuit applies the some-evidence standard as
21 | clearly established federal law, but even accepting that premise, Clark is not entitled to federal
22 | habeas relief. Indeed, the California Supreme Court has adopted *Hill*'s some-evidence test as the
23 | judicial standard to be used in evaluating parole decisions, *In re Rosenkrantz*, 29 Cal. 4th 616 (2002),
24 | and Clark has not shown that the state courts unreasonably applied the standard.

25 | In the present case, the state court applied the some evidence standard and found that ample
26 | evidence in the record supported the Board's decision. The Los Angeles County Superior Court was
27 | ///
28 | ///

the last court to issue a reasoned decision on the merits in addressing Clark's claims.[2] (Lodg. 2.) The court found that the Board properly based its decision, in part, on the commitment offense, which occurred on September 8, 1985, when Clark went to a bar with the victim, Mr. Cardoz. Clark left the bar after the two men had an argument. While walking home, Clark told another companion that he was going to kill Cardoz by slashing his throat. When Clark arrived home, he began sharpening a knife and ax. (Pet. Ex. C at 18.)

Some time later, Cardoz arrived at Clark's house. Clark then stabbed Cardoz twenty times and slashed Cardoz's throat. During the course of the stabbing, Clark broke one knife and obtained a second knife to continue the murder. (Pet., Ex. C at 18-19.)

After the murder, Clark cleaned himself up, changed his shirt, and wrapped Cardoz's body in a mattress cover. Clark then attempted to bury the victim in the back yard, but a neighbor overheard the noise and called the police. When the police arrived, they observed Clark holding Cardoz's body wrapped in the mattress cover. Cardoz's head was found to be approximately fifty percent severed from his neck. (Pet., Ex. C at 18-19.) Based on these facts, the superior court concluded that there was some evidence supporting the Board determination that the crime was committed in a dispassionate and calculated manner. (Lodg. 2 at 1.)

In addition, the superior court found that there was some evidence to support the Board's conclusion that Clark had not sufficiently participated in beneficial self-help programs. According to the record, Clark admitted during his hearing that he had not participated in substance abuse treatment since 1995, and it was only for a brief period of time. (Pet., Ex. C at 56, 59.)

Last, the superior court found that there was sufficient evidence to support the Board's conclusion that Clark's psychological evaluation was not totally supportive of his release. According to the evaluation Clark's history of alcoholism was related to the ultimate crime. The evaluation

---

2. Because the California Supreme Court's opinion is summary in nature, this Court "looks through" that decision and presumes it adopted the reasoning of the last state court to have issued a reasoned opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 804-05, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991); *see also LaJoie v. Thompson*, 217 F.3d 663, 669 n.7 (9th Cir. 2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under 28 U.S.C § 2254(d)(1)).

stated that Clark had a vague understanding of this relationship, but did not feel that substance abuse treatment was worth the trouble. The evaluation concluded that Clark's potential for alcohol abuse posed a significant and unpredictable risk factor if Clark was released into the community. (Pet., Ex. C at 86, Pet., Ex. D at 5.) Thus, based on all of these factors, the superior court's decision was not contrary to, or an unreasonable application of *Hill*. 472 U.S. at 457.

### C. Clark Has Not Shown that the State Court Decisions Were Based on an Unreasonable Determination of the Facts.

Under § 2254(d)(2), habeas corpus can not be granted unless the state courts' decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court. The state court's factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Although Clark alleges that the Board's decision is not supported by the evidence, he does not show that the state court made factual errors. As set forth above, the state court found that several factors supported the Board's decision. Clark has not alleged by clear and convincing evidence that the factual determinations are incorrect. He instead disagrees with the weight the Board assigned to the evidence. This disagreement does not entitle Clark to federal habeas relief.

### D. The Board's Decision Did Not Convert Clark's Prison Term to Life Without the Possibility of Parole.

Clark also claims that the Board violated due process by transforming his sentence into life without parole. (Pet. at 25-30.) This claim is also without merit. Clark was sentenced to an indeterminate term of fifteen years to life, the punishment for second degree murder according to California Penal Code section 190. Clark additionally received a one-year enhancement for use of a deadly weapon. (Pet. at Ex. A.)

The Board's action did not impose any punishment beyond the statutory maximum of life for Clark's crime, and Clark remains eligible for release on parole. Moreover, no controlling Supreme Court precedent limits the number of times that the Board may deny parole, or holds that a sentence is impermissibly transformed into life without the possibility of parole after some specified period of time. Furthermore, to the extent that Clark contends that his indeterminate life term is

1 disproportionate to his offense, the Supreme Court has already rejected such a contention. *See*
2 *Andrade*, 538 U.S. at 73-77. Accordingly, Clark is not entitled to federal habeas corpus relief for
3 this claim.

## II.

**CLARK HAS FAILED TO ALLEGE A FEDERAL QUESTION IN HIS CLAIM THAT THE BOARD IMPROPERLY DEFERRED HIS SUBSEQUENT PAROLE SUITABILITY HEARING FOR THREE YEARS.**

Clark also contends that the Board violated due process by arbitrarily finding that it would not be reasonable to expect that parole would be granted for a period of three years. (Pet. at 30-32.) Respondent submits that this claim must be rejected because it is an alleged violation of state law and therefore fails to allege a cognizable federal question.

It is well settled that federal habeas corpus relief is not available for allegations of state law violations. 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107, 119, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982). In conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 115 L. Ed. 2d 385 (1991); *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 46 L. Ed 2d 162 (1975); *O'Bremski v. Maass*, 915 F.2d 418, 423 (9th Cir. 1990).

There is simply no controlling United States Supreme Court authority to support the proposition that federal due process requires that parole consideration hearings be held annually, nor is there any threshold level of evidence required for the Board to defer parole hearings beyond one year. Although Clark attempts to invoke the Due Process Clause by alleging that the Board's deferral was arbitrary in nature, this does not make it so. The timing of parole hearings is instead a state law issue and Clark's claim lacks the specificity to recognize it as a federal claim. Furthermore, this state law claim was denied by the state courts.

## III.

**THIS COURT MAY NOT PROPERLY CONSIDER THE SANTA CLARA COUNTY SUPERIOR COURT'S ORDER IN *IN RE CRISCIONE*.**

Last, this Court may not properly consider Clark's Exhibit H, a Santa Clara County Superior Court order in *In re Criscione*. The California Court of Appeal has granted a stay of that order and

the matter is currently pending judicial review on appeal. (Lodg. 8, California Court of Appeal Docket Report, No. H032680.) Thus, the superior court's decision in that case has no effect whatsoever on the present matter. Moreover, the AEDPA standard of review requires this Court to evaluate the California Supreme Court's decision denying Petitioner's relief in light of United States Supreme Court authority rather than other lower state court decisions.

## CONCLUSION

Clark has not demonstrated that the state court decisions denying habeas relief were contrary to, or an unreasonable application of, United States Supreme Court authority, or based on an unreasonable determination of the facts. Thus, the Petition should be denied.

Dated: August 6, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

HEATHER BUSHMAN
Supervising Deputy Attorney General


/S/ Kim Aarons

KIM AARONS
Deputy Attorney General

Attorneys for Respondent

70132805.wpd
SD2008700231

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Clark v. Hernandez**

Case No.:  **08 CV 0399 H (PCL)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>August 6, 2008,</u> I served the attached **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Linda Buchalter, Esq.
Law Office of Linda Buchalter
1011 5th Street, Suite 6
Santa Monica, CA 90403
Attorney for Petitioner Joseph Clark

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 6, 2008, at San Diego, California.

J. Yost
_____          _____
           Declarant                                              Signature

70132650.wpd